UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BARRY WAYNE ADAMS,

        Petitioner,

v.

UNKNOWN PARTY,

        Respondent.
_____/

Case No. 1:18-cv-595

Honorable Paul L. Maloney

# **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed for lack of jurisdiction.

**Discussion**

I.    **Factual allegations**

This is Petitioner Barry Wayne Adams' eighth habeas corpus petition in this Court. Seven of the eight petitions relate to Petitioner's convictions in the Calhoun County Circuit Court for failure to pay child support.[1] In the first case, Case No. 2004-0000001706-FH, on August 25, 2004, a Calhoun County Circuit Court jury convicted Petitioner of failure to pay child support from 1997 to 2003, Mich. Comp. Laws § 750.165. *People v. Adams*, No. 258750, 2006 WL 708161 (Mich. Ct. App. Mar. 21, 2006). The court sentenced Petitioner to nine months in the county jail. *Id*.

In the second case, Case No. 2006-0000004001-FH, on January 17, 2007, a Calhoun County Circuit Court jury convicted Petitioner for failing to pay child support for the period beginning April 1, 2005 and ending September 30, 2006. *People v. Adams*, No. 276845, 2008 WL 4923036 (Mich. Ct. App. Nov. 18, 2008). The court sentenced Petitioner to a term of imprisonment of 25 to 96 months. *Id*.

Petitioner has fully served his sentences in both cases. At present, he resides in Marshall, Michigan.

In the petition immediately preceding this petition, Petitioner asserted that he was subject to "imminent detention" under the "fraudulent pretext" of failure to pay child support. (*Adams v. Unknown Party*, No. 1:17-cv-858 (W.D. Mich.) (ECF No. 1, PageID.1.) He asserted that the Calhoun County Friend of the Court has sent him several documents falsely claiming that

---

[1] The petition filed in *Adams v. Smith*, No. 1:11-cv-393 (W.D. Mich.), did not relate to Petitioner's convictions for failure to pay child support. That petition challenged an October 30, 2007, jury conviction for possession of marijuana. (1:11-cv-393, ECF No. 4, PageID.160.)

he owed child support. One of those documents, which he received on September 21, 2017, indicated that a warrant would be issued for his arrest. The Court dismissed the petition for lack of subject matter jurisdiction because Petitioner was not "in custody" at the time the petition was filed. (1:17-cv-858, ECF No. 3, PageID.32-33.)

The present petition raises the same issues Petitioner raised in his immediately preceding petition. Petitioner simply adds that circumstances have changed in the interim. Most importantly, from Petitioner's perspective, the Calhoun County Circuit Court recently issued bench warrants for Petitioner's arrest. (Pet., ECF No. 1, PageID.4.) Petitioner asks this Court to declare the bench warrants null and void. He also asks the Court to enjoin further enforcement activities.

Petitioner attaches the bench warrants to his petition. (Bench Warrants, ECF No. 1-1, PageID.16-21.) The warrants, issued on May 22, 2018, indicate that they were issued for Petitioner's failure to appear for a "show cause" hearing on May 21, 2018. (*Id*.) The Calhoun County Circuit Court ordered the "show cause" hearing to determine if Petitioner should be held in civil contempt for failing to pay the amounts previously ordered by that court. (Orders to Show Cause, ECF No. 1-1, PageID.10-15.)

Petitioner filed his petition on May 29, 2018. As of that date, Petitioner had not yet been arrested.

## II. Subject matter jurisdiction

The federal habeas statute gives this Court jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also* 28 U.S.C. § 2254(a). Whether a

habeas corpus petitioner is in custody for purposes of §§ 2241 and 2254 is determined at the time that the complaint is filed. *Maleng v. Cook*, 490 U.S. 488, 490-491 (1989) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)).

The Supreme Court has defined "custody" as a "formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." *California v. Beheler,* 463 U.S. 1121, 1125 (1983). A "restraint on freedom of movement of the degree associated with a formal arrest" exists where a person has been "deprived of his freedom of action in any significant way." *Id.* at 1124; *Oregon v. Mathiason,* 429 U.S. 492, 494 (1977). The term "custody" is not limited solely to physical confinement. *See Sevier v. Turner*, 742 F.2d 262, 269 (6th Cir. 1984) (citing *Spring v. Caldwell,* 692 F.2d 994, 996 (5th Cir. 1982); *Duvallon v. Florida,* 691 F.2d 483, 484 (11th Cir. 1982); *United States ex rel. Wojtycha v. Hopkins,* 517 F.2d 420, 423 (3d Cir. 1975)). For example, persons on parole, probation or bail may be in custody for purposes of §§ 2241 and 2254. *Id*. Nevertheless,

> The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty. Since habeas corpus is an extraordinary remedy whose operation is to a large extent uninhibited by traditional rules of finality and federalism, its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restrains on liberty are neither severe nor immediate.

*Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973).

There is nothing in the petition to indicate that Petitioner is in custody, either by arrest on the bench warrants or pursuant to a civil contempt order from the Calhoun County Circuit Court. Thus, at the time he filed his petition, though Petitioner was subject to a bench warrant for his arrest, Petitioner was not incarcerated. "[A]n outstanding arrest warrant is not in itself

sufficient to constitute 'custody' for purposes of the maintenance of a habeas petition." *Prall v. Att'y Gen. of Rhode Island*, C.A. No. 09–366 S, 2010 WL 737646, at *7 (D.R.I. Mar. 1, 2010) (collecting cases); *see also Jones v. United States*, No. 4:11CV00305 (BSM/JTR), 2011 WL 3042023, at *3 (E.D. Ark. June 17, 2011) ("Based on her Petition, the allegedly outstanding arrest warrant . . . is the only even arguable 'restraint' on her liberty . . . . These allegations fall far short of demonstrating the kind of 'severe' and 'immediate' restraint upon liberty sufficient to invoke and maintain jurisdiction under the federal habeas statutes.").

Petitioner also complains generally regarding the state's continuing efforts to collect child support. The burden created by an order to pay child support does not rise to the level of custody. *Sevier v. Turner*, 742 F.2d 262, 269 (6th Cir. 1984) (" [A] civil judgment requiring [Petitioner] to pay child support does not [ ] constitute custody."). Moreover, the possibility of arrest if Petitioner fails to pay child support in the future does not satisfy the "in custody" requirement for purposes of a habeas attack. *See, e.g., Bell v. Jones*, No. 3:07-cv-309, 2007 WL 2351267, at *1 (E.D. Tenn. Aug. 14, 2007); *Gore v. Callahan*, No. 3:15-CV-272-K (BH), 2015 WL 4162760, at *3 (N.D. Tex. Jul. 7, 2015) (A future habeas proceeding is "not inevitable" when petitioner has "complete control over whether he will be incarcerated because he needs only to pay the child support he owes pursuant to state law to avoid incarceration")·; *see also Jones v. United States*, No. 4:11CV00305 (BSM/JTR), 2011 WL 3042023, at *3 (E.D. Ark. June 17, 2011).

In sum, since Petitioner is not in custody and was not in custody when he filed this action, his habeas petition will be dismissed for lack of jurisdiction.[2]

---

[2] If Petitioner is arrested and jailed for civil contempt, the Court would have jurisdiction to consider his petition. *Duncan v. Walker*, 533 U.S. 167, 176 (2001). Jurisdiction alone, however, would not permit the Court to provide relief. The doctrine of comity, for cases under 28 U.S.C. § 2241, and the requirements of the statute, for cases under U.S.C. § 2254, require federal courts to abstain from considering challenges to state judgments until the petitioner has exhausted state remedies. *See Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981); 28 U.S.C. §2254(b)(1).

5

**Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 for lack of subject matter jurisdiction.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases for lack of jurisdiction renders it highly unlikely that this Court would grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.

Dated: June 19, 2018 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge